**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>JUMP FINANCIAL, LLC; JUMP TRADING HOLDINGS, LLC; JUMP TRADING, LLC; WORLD CLASS WIRELESS, LLC; VIRTU FINANCIAL, INC.; NEW LINE NETWORKS LLC; and 10BAND LLC,<br><br>Defendants. | Civil Action No. 1:26-cv-05866<br><br>Hon. Andrea R. Wood<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF SPECTRANET TECHNOLOGIES LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SPECTRANET'S INDUCEMENT AND PRE-SUIT WILLFULNESS CLAIMS**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. LEGAL STANDARD ........................................ 1

III. ARGUMENT ........................................ 1

A. The Complaint Plausibly Alleges Induced Infringement ........................................ 1

1. The Complaint Sufficiently Alleges Knowledge of the Asserted Patents ........................................ 2

2. Plaintiff Is Not Required to Identify a Third-Party Direct Infringer .......... 3

3. The Complaint Alleges Specific Acts of Encouragement .......................... 4

B. The Complaint Plausibly Alleges Willful Infringement ........................................ 4

IV. CONCLUSION ........................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Brain Corp. v. Avidbots Corp.*,
No. 24 CV 12569, 2025 WL 5146846 (N.D. Ill. Apr. 28, 2025) ........ 1

*Dresser, LLC v. VRG Controls, LLC*,
No. 18 C 1957, 2018 WL 10426611 (N.D. Ill. Nov. 28, 2018) ........ 1, 5

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
608 U.S. 580 (2026) ........ 4

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ........ 1

*Marposs Società Per Azioni v. Jenoptik Auto. N. Am., LLC*,
262 F. Supp. 3d 611 (N.D. Ill. 2017) ........ 1, 3

*Michigan Motor Techs. LLC v. Volkswagen AG*,
472 F. Supp. 3d 377 (E.D. Mich. 2020) ........ 2

*Radiation Stabilization Sols. LLC v. Accuray Inc.*,
No. 11-CV-07700, 2012 WL 3621256 (N.D. Ill. Aug. 21, 2012) ........ 1

*Shenzhen Shokz Co. v. Shenzhen Wenming Tech. Co.*,
No. 24 C 6717, 2025 WL 1530766 (N.D. Ill. May 29, 2025) ........ 1, 5

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985) ........ 2

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
No. 10 C 715, 2011 WL 1706136 (N.D. Ill. May 5, 2011) ........ 3

*WCM Indus., Inc. v. IPS Corp.*,
721 F. App'x 959 (Fed. Cir. 2018) ........ 3

## I. INTRODUCTION

Defendants seek dismissal of SpectraNet's inducement and pre-suit willfulness theories. SpectraNet's Complaint plausibly alleges induced infringement and willful infringement, and the Motion should be denied.

## II. LEGAL STANDARD

To state an induced infringement claim, SpectraNet must plead facts from which the Court can reasonably infer that Defendants knew of the patents and specifically intended others to infringe. *Radiation Stabilization Sols. LLC v. Accuray Inc.*, No. 11-cv-07700, 2012 WL 3621256, at *4 (N.D. Ill. Aug. 21, 2012). The "majority view" in this District is that alleging pre-suit knowledge is not required to state a claim for induced infringement. *Brain Corp. v. Avidbots Corp.*, No. 24 CV 12569, 2025 WL 5146846, at *3 (N.D. Ill. Apr. 28, 2025). The direct infringer need not be identified by name in the complaint. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012); *see also Marposs Società Per Azioni v. Jenoptik Auto. N. Am., LLC*, 262 F. Supp. 3d 611, 619 (N.D. Ill. 2017).

For willful infringement, "it is sufficient if the complaint plausibly alleges that the defendant (1) knew of the patent and (2) knew that its conduct infringed." *Dresser, LLC v. VRG Controls, LLC*, No. 18 C 1957, 2018 WL 10426611, at *4 (N.D. Ill. Nov. 28, 2018). "[P]re-suit knowledge is not required and the complaint itself can provide the necessary notice for post-suit willful or induced infringement." *Shenzhen Shokz Co. v. Shenzhen Wenming Tech. Co.*, No. 24 C 6717, 2025 WL 1530766, at *3 (N.D. Ill. May 29, 2025).

## III. ARGUMENT

### A. The Complaint Plausibly Alleges Induced Infringement

Defendants argue that the Complaint does not sufficiently allege knowledge of the asserted patents, and "identifies no third-party direct infringer and no affirmative act of

encouragement." Defendants' Mem. of Law in Supp. of Motion to Dismiss (Dkt. 67) ("Mot.") 1, 3-4. Defendants' arguments miss the mark.

**1. The Complaint Sufficiently Alleges Knowledge of the Asserted Patents**

The Complaint specifically alleges that at least since June 18, 2018, Defendants have had knowledge of the application that issued as the '123 Patent, to which the '694 and '002 Patents claim priority. Compl. ¶¶ 72-73, 94-95, 116-17. Defendants attempt to draw a distinction between knowledge of an application and knowledge of a patent, but no such per se rule exists. Mot. 3. Instead, Federal Circuit authority confirms that *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) does not establish a per se rule and the facts in *State Indus.* are distinguishable.

The defendant in *State Indus.* encountered a competing product accompanied by a generic "Patent Applied For" notice. *State Indus.*, 751 F.2d at 1234. The Federal Circuit found that defendant "was aware only of that notice, not of any patent application." *Id.* Thus, in *State Indus.* the Federal Circuit did not decide whether disclosure of an identifiable patent application could support a reasonable inference of knowledge of the issued patent. Here, by contrast, the Complaint alleges knowledge "through the express disclosure of … U.S. Patent Application No. 15/436,779, to an affiliated company of one or more Defendants and/or one or more of their employees on or about June 18, 2018." Compl. ¶ 72. SpectraNet's allegation is materially different than the generic notice in *State Indus*.

Defendants' reliance on *Michigan Motor* is likewise misplaced. There, the plaintiff "did not attach a copy of the referenced letter, never specified what the letter stated, did not mention who sent the letter, and did not mention to whom the letter actually was sent." *Michigan Motor Techs. LLC v. Volkswagen AG*, 472 F. Supp. 3d 377, 384 (E.D. Mich. 2020). Here, by contrast, the Complaint identifies what was disclosed (U.S. Patent Application No. 15/436,779), when it

was disclosed (on or about June 18, 2018), and to whom (an affiliated company of one or more Defendants and/or one or more of their employees). Compl. ¶ 72.

Moreover, Defendants rely on a portion of the *State Indus.* decision about the scope of issued claims being "something totally unforeseeable," but that aspect of the opinion carries no relevance today. As the Federal Circuit noted in subsequent decisions, *State Indus*. was "decided prior to the enactment of 35 U.S.C. § 122(b)(1)(A) in 1999, which provides for the publication of patent applications on or after November 29, 2000, eighteen months after the effective filing date of the application." *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 n.4 (Fed. Cir. 2018). Quoting *State Indus.*, the Federal Circuit noted that "**these concerns are no longer valid** when patent applications and realtime prosecution activity are published. It is no longer the case that all patent applications are secret." *Id.* (emphasis added) (internal quotation omitted).

**2. Plaintiff Is Not Required to Identify a Third-Party Direct Infringer**

In this District, a patent plaintiff need not identify any specific third-party direct infringer to state a claim for induced infringement. In *Marposs Società Per Azioni*, defendants moved to dismiss inducement claims alleging, *inter alia*, that "the complaint does not allege direct infringement by a third party." *Marposs Società Per Azioni*, 262 F. Supp. 3d at 619. The court disagreed, noting that the complaint alleged that third parties, including defendants' customers, directly infringed the asserted patents, and that even though plaintiff "does not identify any third-party infringers by name … there is no requirement that [plaintiff] do so." *Id.*; *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 1706136, at *4 (N.D. Ill. May 5, 2011).

Here, SpectraNet's Complaint adequately identifies the parties SpectraNet contends Defendants induce to directly infringe the asserted patents. Compl. ¶¶ 71, 93, 115. This is sufficient. *Trading Techs.*, 2011 WL 1706136, at *4.

### 3. The Complaint Alleges Specific Acts of Encouragement

Defendants seek to raise the standard for induced infringement by arguing that the Complaint "fails to allege … any affirmative step by Defendants to encourage" direct infringement. Mot. 3-4. *Hikma* does not hold that a plaintiff must identify an express instruction to infringe, much less that a defendant may escape inducement liability by coordinating and directing others to perform an infringing method rather than expressly instructing them to do so. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 592 (2026) (rejecting the proposition that actionable inducement must be "express" and recognizing that a defendant may actively induce infringement through implicit encouragement.). Here, unlike in *Hikma*, the Complaint alleges that Defendants participate in a coordinated commercial enterprise that uses ionospheric HF communications to execute high-frequency trades, and that Defendants direct or control others in performing the steps of the asserted claims. Compl. ¶¶ 19, 48-51, 70, 92, 114.

Virtu owns NLN and 10Band through a joint venture, Jump Trading employees supervise and/or control the operations of NLN and 10Band, and Defendants operate as agents of one another in a coordinated enterprise. *Id.* ¶ 19. SpectraNet identifies a particular communications network and transmission site, technical operations corresponding to the asserted claims, and relationships through which Defendants direct, supervise, and contract for performance. *Id.* ¶¶ 19, 48-51, 58-68, 80-90, 102-14. These facts provide a materially different basis for inferring inducement than the generalized marketing and labeling statements and speculative actions of independent physicians in *Hikma*.

## B. The Complaint Plausibly Alleges Willful Infringement

Defendants' reliance on *Dresser* is misplaced, as that case supports the conclusion that SpectraNet sufficiently alleges willful infringement. Mot. 4. Specifically, the Complaint alleges that Defendants have had knowledge of the application that issued as the '123 Patent at least

since June 18, 2018, and knew or should have known that their conduct infringes. *Dresser*, 2018 WL 10426611, at *4; Compl. ¶¶ 72-73, 94-95, 116-17. Defendants' reliance on the out-of-Circuit *ZapFraud* opinion is also misplaced. Mot. 3. To the extent that Defendants assert that the Complaint cannot supply the requisite knowledge to support SpectraNet's willfulness claim, courts in this District disagree. *Shenzhen Shokz*, 2025 WL 1530766, at *3.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied. Should the Court find any aspect of the Complaint insufficient, SpectraNet respectfully requests leave to amend. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015).

Dated: October 23, 2026

Respectfully submitted,

/s/ Charles C. Koole
Paul J. Skiermont (IL. Bar No. 6278464)
Kevin P. Potere (TX Bar No. 24100658)
Michael D. Ricketts (TX Bar No. 24079208)
**SKIERMONT DERBY LLP**
1601 Elm Street, Suite 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
kpotere@skiermontderby.com
mricketts@skiermontderby.com

Charles C. Koole (CA Bar No. 259997)
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213) 788-4501
ckoole@skiermontderby.com

*Attorneys for Plaintiff*
SpectraNet Technologies LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, all counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system.

*/s/Charles C. Koole*