**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>IMC-CHICAGO, LLC d/b/a IMC TRADING; IMC AMERICAS, INC.; IMC GLOBAL HOLDINGS LLC; RCA TELECOM LLC; and TOGGLE COMMUNICATIONS LLC,<br><br>Defendants. | Case No.: 1:26-cv-05838<br><br>Hon. Andrea R. Wood<br><br>**JURY TRIAL DEMANDED** |
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPTIVER SERVICES B.V. and COUNTY INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No.: 1:26-cv-05857<br><br>Hon. Andrea R. Wood<br><br>**JURY TRIAL DEMANDED** |
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>JUMP FINANCIAL, LLC; JUMP TRADING HOLDINGS, LLC; JUMP TRADING, LLC; WORLD CLASS WIRELESS, LLC; VIRTU FINANCIAL, INC.; NEW LINE NETWORKS LLC, and 10BAND LLC,<br><br>Defendants. | Case No.: 1:26-cv-05866<br><br>Hon. Andrea R. Wood<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAFT TECHNOLOGIES LTD and 3DB COMMUNICATION INC.,<br><br>Defendants. | Case No.: 1:26-cv-05870<br><br>Hon. Andrea R. Wood<br><br>**JURY TRIAL DEMANDED** |

# JOINT INITIAL STATUS REPORT

Plaintiff SpectraNet Technologies LLC ("Plaintiff" or "SpectraNet"); Defendants in Case No. 1:26-cv-05838, including IMC-Chicago, LLC d/b/a IMC Trading; IMC Americas, Inc.; IMC Global Holdings LLC; RCA Telecom LLC; and Toggle Communications LLC (the "IMC Defendants"); Defendants in Case No. 1:26-cv-05857, including Optiver Services B.V. and County Information Services, LLC (the "Optiver Defendants"); Defendants in Case No. 1:26-cv-05866, including Jump Financial, LLC; Jump Trading Holdings, LLC; Jump Trading, LLC; and World Class Wireless, LLC (the "Jump Defendants"); New Line Networks LLC and 10Band LLC (the "Jump/Virtu Defendants") and Virtu Financial, Inc. ("Virtu"); and Defendants in Case No. 1:26-cv-05870, including Raft Technologies Ltd and 3DB Communication Inc. (the "Raft Defendants") (collectively, "Defendants"), by and through their counsel, hereby submit their Joint Initial Status Report pursuant to Fed. R. Civ. P. 26(f) and Northern District of Illinois Local Patent Rule 1.2.[1]

[1] The parties recognize that this Court's case procedures provide that the joint written status report shall "not exceed five pages in length." The parties have made reasonable efforts to stay within that limit, but exceeded the five pages due to the inclusion of all four cases and the additional Rule 26(f) requirements set forth in Local Patent Rule 1.2.

## 1. Nature of the Case

A. Attorneys of record:

- For Plaintiff: Paul J. Skiermont (Lead Trial Attorney), Charles Koole, Kevin P. Potere, and Michael D. Ricketts.
- For the IMC Defendants: Brian Sodikoff (Lead Trial Attorney), Christopher B. Ferenc, and Matthew T. Messina.
- For the Optiver Defendants: Brian A. Rosenthal (Lead Trial Attorney), Benjamin Hershkowitz, Al Suarez, Alena Farber, Julia Tabat, Michelle J. Zhu, Talus Iorio-Ronek, Alex Chiang, and Steven J. Horowitz.
- For Defendants Jump Financial, LLC; Jump Trading Holdings, LLC; Jump Trading, LLC; and World Class Wireless, LLC: William E. Devitt (Lead Trial Attorney), Matthew J. Hertko, John O'Donnell, and Ruth Brindel.
- For Defendants New Line Networks LLC and 10Band LLC: William E. Devitt, Matthew J. Hertko, John O'Donnell, Ruth Brindel, Catherine Nyarady, David E. Cole, Thomas Macchio, and Stephanie Chin.
- For Defendant Virtu Financial, Inc.: Catherine Nyarady (Lead Trial Attorney), David E. Cole, Thomas Macchio, Stephanie Chin, William J. Cadigan, and Cono A. Carrano.
- For the Raft Defendants: Jeremy S. Goldkind (Lead Trial Attorney), Sophia Gunzburg, Adam P. Samansky, and Peter J. Cuomo.

B. Parties Not Yet Served: None.

C. Basis for federal jurisdiction: The Court has subject matter jurisdiction over Plaintiff's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

D. Nature of the claims and counterclaims.

- Plaintiff: Alleges that Defendants in each case infringe U.S. Patent Nos. 10,959,123 (the "'123 Patent"); 11,516,694 (the "'694 Patent"); and 12,414,002 (the "'002 Patent") (collectively, the "Patents-in-Suit").
- Defendants: Defendants have not yet filed their Answer(s) to the Complaint(s). Defendants have not asserted specific claims or counterclaims as of the date of this Report.

E. Major legal and/or factual issues in these cases include:

1. Plaintiff:

a. The operation of Defendants' systems and/or devices used in the ionospheric transmission and reception of messages;

b. Whether the making and/or using of such systems and/or devices infringes the Patents-in-Suit;

c. The meaning of the claim terms of the Patents-in-Suit;

d. Whether Defendants have induced infringement of the Patents-in-Suit;

e. Whether Defendants have willfully infringed the Patents-in-Suit;

f. The amount of damages that Plaintiff may be entitled to receive;

g. Whether or not Plaintiff is entitled to injunctive relief; and

h. Whether the Patents-in-Suit are valid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

2. Defendants:

a. Whether Plaintiff conducted an adequate pre-filing investigation.

b. Whether Plaintiff's Complaint(s) states a plausible claim of infringement.

c. Whether the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

d. Whether Plaintiff has plausibly pleaded or can prove any form of infringement, willfulness, or exceptional case.

e. Whether a stay pending resolution of the MTD is warranted.

f. Whether Plaintiff has proven entitlement to damages, and if so, the amount.

F. Relief sought by any party:

1. Plaintiff: (1) a judgment that each of the Defendants has infringed the Patents-in-Suit; (2) an injunction barring Defendants from further acts of infringement of the Patents-in-Suit; or an order that each Defendant pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment; (3) an award of damages adequate to compensate for each Defendant's infringement of the Patents-in-Suit, and in no event less than a reasonable royalty for each Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law; (4) an award of trebled damages under 35 U.S.C. § 284;

(5) a declaration that this case is exceptional under 35 U.S.C. § 285; (6) an award of Plaintiff's costs and attorneys' fees under 35 U.S.C. § 285 and other applicable law; and (7) any other remedy to which Plaintiff may be entitled.

2. Defendants: Defendants have not yet filed their Answer(s) to the Complaint(s); thus, Defendants have not requested specific relief. Defendants seek:, *inter alia*, a judgment that each asserted claim of the Patents-in-Suit is ineligible under 35 U.S.C. § 101. Defendants also anticipate seeking (1) a judgment that each asserted claim of the Patents-in-Suit is invalid under 35 U.S.C. §§ 102, 103, and/or 112; (2) a judgment that Defendants do not infringe any valid asserted claim of the Patents-in-Suit; (3) a declaration that this case is exceptional under 35 U.S.C. § 285; (4) an award of Defendants' costs and attorneys' fees under 35 U.S.C. § 285 and other applicable law; and (5) any other remedy to which Defendants may be entitled.

## 2. Case Plan

A. Substantive ruling issued to date: None.

B. Pending motions:

1. On September 25, 2026, Defendants filed a motion to dismiss all asserted claims under 35 U.S.C. § 101 ("MTD"), and a motion to stay all discovery and default Local Patent Rules ("LPR") deadlines ("MTS") pending ruling on the MTD. No. 1:26-cv-05838, Dkt. 39-40, 43-44; No. 1:26-cv-05857, Dkt. 40-41, 42-43; No. 1:26-cv-05866, Dkt. 62-63, 64-65; No. 1:26-cv-05870, Dkt. 34-35, 36-37. Plaintiff filed its opposition to the MTS on October 9, 2026, and its opposition to the MTD on October 23, 2026. Defendants filed their reply in support of their MTS on October 16, 2026. Defendants' reply in support of the MTD is due November 6, 2026.

2. On September 25, 2026, Defendants also each filed separate, partial motions to dismiss Plaintiff's claims for direct, induced, and/or willful infringement under Federal Rule of Civil Procedure 12(b)(6). No. 1:26-cv-05838, Dkt. 41-42; No. 1:26-cv-05857, Dkt. 44-45; No. 1:26-cv-05866, Dkt. 66-67; No. 1:26-cv-05870, Dkt. 38-39. Plaintiff filed its oppositions to these motions to dismiss on October 23, 2026. Defendants' replies are due November 6, 2026.

3. On September 25, 2026, the Optiver Defendants filed an Unopposed Motion for Leave to File Under Seal its Corporate Disclosure Statement and Notification as to Affiliates. No. 1:26-cv-05857, Dkt. 46. The Court continued this motion until the upcoming status hearing.

4. On October 22, 2026, the IMC Defendants filed a Motion for Leave to File Their Corporate Disclosure Statement Under Seal. No. 1:26-cv-05838, Dkt.

53. Plaintiff filed a non-opposition to this motion on October 28, 2026. No. 1:26-cv-05838, Dkt. 58.

C. Anticipated motions: N/A

D. Discovery plan:

1. Plaintiff: Plaintiff proposes a discovery and claim construction schedule consistent with the Local Patent Rules ("LPR"), which is attached as Exhibit A. Plaintiff already served its LPR 2.1(a) Initial Disclosures on October 9, 2026 and its LPR 2.2 Initial Infringement Contentions on October 23, 2026, pursuant to the schedule defined in the LPRs, prior to the Court granting Defendants' Motion to Extend the Local Patent Rule Deadlines on October 26, 2026. Plaintiff's proposed schedule seeks minimal adjustments to account for this extension of the LPR deadlines. Under Plaintiff's proposal, Defendants' LPR 2.3 Initial Non-Infringement, Unenforceability and Invalidity Contentions would be due on November 30, 2026. By contrast, the deadlines in Defendants' alternative schedule are tied to future rulings of this Court that have no date, and thus, sets no actual deadlines.

While Defendants seek to stay these cases pending their Motion to Dismiss under 35 U.S.C. § 101, courts in this District routinely decline to stay discovery merely because a motion to dismiss is pending, and these cases should not be an exception, particularly here, where Defendants' Motion is unlikely to dispose of all asserted claims in all four cases. The *Atos* case continually cited by Defendants involved an entirely different procedural posture, where the plaintiff had also asserted state-law trade secret claims and the defendant was concerned that the plaintiff was attempting to leverage early discovery to support those non-patent claims. That is not the case here, where Plaintiff has asserted only patent infringement claims.

Plaintiff does not understand the discovery dispute that Defendants are attempting to raise here regarding documents under Plaintiff's control, as there is no such assertion in Plaintiff's Initial Disclosures. Notwithstanding the fact that Defendants are seeking to raise an "early" discovery issue while simultaneously attempting to stay discovery and while having failed to serve their own initial disclosures by the original LPR deadline, Plaintiff's Initial Disclosures expressly state that Jeffrey Adams, the inventor of the Asserted Patents and the owner of prior assignee SpectraNet Technologies, Inc., "may be contacted through Plaintiff's counsel."

Defendants: Defendants' Motion to Stay. Defendants have moved to stay discovery, including the required disclosures under the LPR, pending resolution of the MTD and contend that no proposed discovery or claim construction schedule is appropriate at this time. *See Atos, LLC* v. *Arity, LLC*, No. 1:20-cv-06224-ARW, ECF No. 47 (N.D. Ill. Sept. 1, 2021) (granting stay of discovery pending ruling on motion to dismiss, which

included Section 101 grounds). Defendants also moved to stay the LPR deadlines. The Court granted the motion to extend the LPR deadlines, stating that "[t]he case deadlines established under the Local Patent Rules are stayed until further order of the Court." Consistent with that Order, Defendants thus respectfully request that a scheduling order not be entered at this time. In the alternative, Defendants propose a discovery and claim construction schedule based on when the Court decides either the MTD or MTS, if necessary, attached as Exhibit B.

Scope of Party Discovery: *Documents and Information Under Plaintiff's "Control."* As discussed in Defendants' replies in support of their motions to stay discovery (p. 9), based on Plaintiff's premature initial disclosures and limited accompanying document production, Plaintiff appears to be taking the position that documents and information in the possession of the sole named inventor (Jeffrey Adams) and former assignee of the Patents-in-Suit (SpectraNet, Inc.) are not within the possession, custody, or control of Plaintiff SpectraNet Technologies, LLC, which is the current assignee of the patents-in-suit and is a newly formed, apparently unrelated entity. That position is unfounded: documents and information within Mr. Adams' and SpectraNet, Inc.'s and possession and custody are within Plaintiff SpectraNet Technologies' "control" given Mr. Adams' and SpectraNet, Inc.'s obligations under the Patent Purchase Agreement. Notably, Plaintiff has not denied that this is its position.

As also discussed in Defendants' replies, in the event these cases move forward, Defendants will likely ask for early briefing on this issue such that Plaintiff will be required to provide substantive initial disclosures by the deadline and/or so that the parties may more meaningfully address scheduling and discovery issues with a better understanding of whether Defendants may rely on party discovery to obtain discovery from SpectraNet, Inc. and Mr. Adams.

2. General type of discovery needed:

a. Plaintiff expects to serve interrogatories, requests for production, requests for admission, and elicit deposition testimony regarding, among other items, all aspects of Defendants' encryption, transmission, and reception of ionospheric messages, including technical documentation and source code, data related to the usage of such ionospheric messages, and financial information related to the same.

b. Defendants expect that the need for discovery will be mooted by the MTD, which raises purely legal questions of patent eligibility that can be resolved without claim construction or fact discovery. To the extent this case proceeds to discovery, Defendants expect to serve interrogatories, requests for production, requests for admission, and

elicit deposition testimony regarding, among other items, all aspects of the conception, development, testing, and/or reduction to practice of the alleged invention; the prosecution of the asserted patents; any assignment, licensing, ownership, and/or royalty agreements; any valuation of the asserted patents; any infringement analysis of the asserted patents; and expected financial projections or licensing revenue from the asserted patents, including third-party discovery, where relevant.

3. ESI: Plaintiff expects that discovery will include the preservation, search, and production of ESI pursuant to the Northern District of Illinois Local Patent Rules for Electronically Stored Information. To the extent that this case proceeds to discovery, Defendants expect to propose modifications to the Northern District of Illinois Local Patent Rules for Electronically Stored Information, including provisions concerning the use of email thread suppression and global de-duping when producing documents.

4. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

Defendants: In the event the Court dismisses Plaintiff's willful infringement claims, Defendants intend to request that the Court further limit or prohibit email discovery without a showing of good cause.

Plaintiff Response: Plaintiff opposes any limitation to this language, which is taken directly from the form scheduling order in LPR Appendix A (*see* LPR 1.2), particularly if Defendants' motions to dismiss are denied or Plaintiff's willful infringement claims are dismissed without prejudice. Further, setting an arbitrary "good cause" restriction on email discovery is improper even if Plaintiff's willfulness claims are dismissed with prejudice, as email discovery is also relevant to inducement (including knowledge and intent), copying, secondary considerations of non-obviousness, and damages.

5. Privilege or Protection of Trial Preparation Materials: The parties agree that Paragraph 5 of the protective order in the LPR Appendix B is currently in effect pursuant to LPR 1.4. The parties will also work to propose a negotiated protective order in each case, which shall govern claims of privilege or protection as trial preparation materials, including the procedure to assert such claims after production.

Defendants: Defendants will ask for the inclusion of a prosecution bar provision, preventing persons involved in prosecuting patents

for Plaintiff from having access to Defendants' confidential materials.

Plaintiff: Plaintiff will oppose any prosecution bar that is not limited to Defendants' confidential technical information, and any prosecution bar must expressly permit Plaintiff's counsel to participate in *inter partes* review, *ex parte* reexamination, and other post-grant proceedings.

The parties agree that the cut-off date for logging privileged materials in each of the four cases will be the filing date of the complaint in each case. If a Party chooses to produce emails as the most inclusive thread, and there is more than one branch of (e.g., more than one unique group of recipients of) an email thread, each branch will be individually logged if withheld for privilege; however, each individual email within the thread need not be logged if the recipients of the email chain are all identical.

6. Initial Disclosures:

a. Plaintiff: Plaintiff already served its initial disclosures on October 9, 2026. Plaintiff seeks a deadline of November 16, 2026 for Defendants to serve their initial disclosures.

b. Defendants: The parties will exchange initial disclosures 14 days after the Court denies either the MTD or MTS, if necessary.

7. Complete Fact Discovery:

a. Plaintiff: The parties will complete fact discovery by July 19, 2027 (LPR 1.3).

b. Defendants: The parties will complete fact discovery not earlier than 35 weeks after the MTD and MTS are resolved, if necessary (LPR 1.3).

8. Expert Discovery: The Parties expect to each have one or more expert witnesses testify at trial.

a. Plaintiff: The parties will make disclosures under Fed. R. Civ. P. 26(a)(2) within twenty-eight (28) days after the Court issues its claim construction ruling or the close of discovery after the claim construction ruling, whichever is later (LPR 5.1(b)), rebuttal expert disclosures within twenty-eight (28) days after the date for initial expert reports (LPR 5.1(c)), and complete expert depositions within twenty-eight (28) days after the exchange of expert rebuttal disclosures (LPR 5.2).

b. Defendants: The parties will make disclosures under Fed. R. Civ. P.

26(a)(2) within sixty (60) days after the Court issues its claim construction ruling or the close of discovery after the claim construction ruling, whichever is later (LPR 5.1(b)), rebuttal expert disclosures within sixty (60) days after the date for initial expert reports (LPR 5.1(c)), and complete expert depositions within sixty (60) days after the exchange of expert rebuttal disclosures (LPR 5.2).

9. Limitations on Discovery: The parties will continue to meet and confer on potential limitations on discovery.

10. Dispositive Motions: Dispositive motions will be filed within twenty-eight (28) days after the scheduled date for the end of expert discovery (LPR 6.1).

E. Jury demand and trial length.

1. Jury Demand: Yes.

2. Estimated Length of Trial: 5 court days for each trial in each of the four cases.

## 3. Settlement

A. The parties have engaged in preliminary settlement discussions, but the prospects for settlement are as yet unknown.

B. The parties do not believe a settlement conference would be productive at this time.

## 4. Consent to Proceed Before a Magistrate Judge

A. Counsel for both parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties do not unanimously consent to that procedure.

## 5. Additional Items Pursuant to the Local Patent Rules

A. The following persons participated in the Rule 26(f) conference on October 29, 2026 at 2:00 pm CT by teleconference:

Charles Koole, Kevin Potere, and Mickey Ricketts, representing Plaintiff SpectraNet.

Brian Sodikoff, Christopher Ferenc, and Matthew Messina, representing the IMC Defendants.

Michelle Zhu, representing the Optiver Defendants.

Matthew Hertko and John O'Donnell, representing the Jump Defendants.

Matthew Hertko, John O'Donnell, Catherine Nyarady, David Cole, and Thomas Macchio, representing the Jump/Virtu Defendants.

Catherine Nyarady, David Cole, and Thomas Macchio, representing Defendant Virtu.

Adam Samansky, representing the Raft Defendants.

B. Disclosures and Discovery Pursuant to LPR. The parties acknowledge that the requirements of the LPR apply to this case. The parties also acknowledge that on October 26, 2026, the Court stayed the LPR case deadlines and that the Court will reconsider the propriety of the stay at the November 12, 2026 status hearing.

C. Alternative Discovery Plan. The parties propose a discovery plan that differs from that provided in the LPR:

1. Maximum number of interrogatories by each party to another party, along with the dates the answers are due.

a. Plaintiff: Plaintiff shall be entitled to 25 interrogatories separately directed to each Defendant Group[2] individually. Defendants shall be entitled to 15 common interrogatories, and each Defendant Group shall each be entitled to an additional 10 specific interrogatories directed to Plaintiff. This allocation reflects that the Defendant Groups operate their own distinct HF networks and equipment, while Plaintiff is a single entity asserting the same three patents against all Defendants.

b. Defendants: Plaintiff shall be entitled to 10 common interrogatories and an additional 15 specific interrogatories separately directed to each Defendant Group individually. Defendants shall be entitled to 10 common interrogatories, and an additional 15 specific interrogatories directed to Plaintiff for each Defendant Group.

2. Maximum number of requests for admission, along with the dates responses are due.

a. The parties agree that their proposed limitations below do not apply to requests for admission that seek admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, or (c) the public availability of a

[2] For purposes of this Status Report and Discovery Plan, the six "Defendant Groups" are (1) the IMC Defendants collectively; (2) the Optiver Defendants collectively; (3) the Jump Defendants collectively; (4) the Jump/Virtu Defendants collectively; (5) Defendant Virtu; and (6) the Raft Defendants collectively.

particular document or thing asserted to be prior art, provided, however, that such requests as to (i) authenticity or (ii) admissibility shall be limited to a reasonable number of requests. The parties shall work together in good faith to agree on a stipulation as to authenticity of their own documents to avoid the service of large numbers of requests for admission relating to authenticity and/or admissibility.

b. Plaintiff: Plaintiff shall be entitled to 25 requests for admission directed to each Defendant Group individually. Defendants shall be entitled to 15 common requests for admission, and each Defendant Group shall each be entitled to an additional 10 specific requests for admission directed to Plaintiff.

c. Defendants: Plaintiff shall be entitled to 30 requests for admission to Defendants collectively. Defendants shall be entitled to 30 requests for admission to Plaintiff. Each subpart of a request for admission shall be counted as a separate request.

3. Maximum number of requests for production of documents.

a. Plaintiff: Plaintiff believes a numerical limit on requests for production is not warranted, as there is no such requirement under the Federal Rules. The Federal Rules already provide adequate mechanisms to address discovery that is cumulative, duplicative, overly broad, or disproportionate to the needs of the case.

b. Defendants: Plaintiff shall be entitled to 25 common requests for production of documents, and an additional 25 specific requests for production separately directed to each Defendant Group individually. Defendants shall be entitled to 25 common requests for production of documents, and an additional 25 specific requests for production separately directed to Plaintiff for each Defendant Group.

4. Maximum number of factual depositions by each party.

a. The parties agree that depositions of experts and non-parties, as well as depositions on written questions, do not count against their proposed limits below.

b. Plaintiff: Plaintiff shall be allowed up to 70 hours (on the record) of fact discovery deposition testimony for each Defendant Group. The Defendants collectively shall be allowed up to 100 hours (on the record) of fact discovery deposition testimony of Plaintiff. The named inventor, Jeffrey Adams, including in his capacity as the corporate designee of SpectraNet Technologies, Inc., shall be deposed only once for all four cases, coordinated among all

Defendant Groups, for no more than 10 hours on the record. Discovery taken from Plaintiff, Mr. Adams, and SpectraNet Technologies, Inc. may be used in all four cases. Depositions of experts and other non-parties do not count against these limits.

c. Defendants: Plaintiff shall be allowed up to 30 hours (on the record) of fact discovery deposition testimony for each Defendant Group. Each Defendant Group shall be allowed up to 30 hours (on the record) of fact discovery deposition testimony of Plaintiff. Depositions of experts and non-parties do not count against these limits.

5. Limits on the length of depositions, in hours.

a. Absent a showing of good cause, each fact deposition shall be limited to no more than 1 day of 7 hours on the record pursuant to Fed. R. Civ. P. 30(d)(1). If any deposition witness testifies in a foreign language and such deposition must be translated, that witness may be deposed for a total amount of time up to 1.5x the standard deposition time. Notwithstanding the foregoing, a single day of deposition shall be limited to 7 hours on the record. Unless otherwise agreed to by the parties or ordered by the Court, each fact deposition shall count for no less than 3 hours toward the respective total overall, even if the time on the record for a given deposition is fewer than 3 hours.

b. Each testifying expert can be deposed for up to 7 hours (on the record) for each report offered by that expert. For example, an expert providing reports regarding infringement and validity may be deposed for 14 hours. Experts, however, shall not be deposed for more than 7 hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties.

6. Discovery is permitted with respect to defenses of patent invalidity or unenforceability not pled by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

7. Production of Documents and Things Obtained via Third-Party Subpoena: A party that receives documents or things from a third-party pursuant to a subpoena will reproduce them to the other party within 5 business days of receipt and reasonably ahead of any subsequent deposition of the third party or its directors, officers, managers, or employees. Where reproduction of documents consistent with the timing and manner described above is not possible, the party who received the documents will provide prompt notice to the other party of receipt of the documents and will work in good faith to resolve the issue on a case-by-case basis.

D. Other Dates:

1. Dates for supplementations under Rule 26(e). No later than 35 days after entry of any claim construction ruling.

2. Requested dates for pretrial conferences. To be determined based on the date of issuance of the Court's claim construction order.

3. Final dates for the plaintiff to amend pleadings or to join parties. No later than 35 days after entry of any claim construction ruling.

4. Final dates for the defendant to amend pleadings or to join parties. No later than 35 days after entry of any claim construction ruling.

5. The parties shall submit to the Court their Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, exhibit lists, and objections under Rule 26(a)(3).

   a. Subject to a future meet and confer between the parties with the expectation that parties will be able to agree on a schedule for exchanging pretrial disclosures and objections thereto prior to submission to the Court closer to each respective trial.

E. Other Items:

1. The parties identify private mediation as an alternative dispute resolution procedure that may enhance settlement prospects.

2. Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

3. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

4. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(F), with respect to each of the four cases, the parties hereafter consent to service by email or other electronic transmission (e.g., FTP) on their respective counsel of record for all papers in each case. The parties agree to serve by email or other electronic transmission all papers in this case that are not electronically filed on the Court's public docket. Additionally, pursuant to LR 5.9, the Parties consent to electronic service of documents via the Court's CM/ECF system. The parties agree that any document filed under seal via the Court's

CM/ECF system shall also be served by email or other electronic transmission on all counsel of record immediately after the document is filed under seal.

5. Per Local Patent Rule 3.5(b):

   a. Each of the Patents-in-Suit is eligible to be challenged at the USPTO by the Defendants through *inter partes* review and *ex parte* reexamination. The Patents-in-Suit are no longer eligible to be challenged through post-grant review or covered business method review.

   b. The deadlines to file a petition for *inter partes* review for each of the Patents-in-Suit is (1) June 5, 2027 for Defendant 3DB Communication Inc.; (2) June 11, 2027 for Defendant Raft Technologies Ltd; (3) June 18, 2027 for the Optiver Defendants, the Jump Defendants, the Jump/Virtu Defendants, and Defendant Virtu; and (4) June 24, 2027 for the IMC Defendants, all of which are one year after service of the respective Complaints on the respective Defendants. *See* 35 U.S.C. § 315(b).

   c. The deadline to file a request for *ex parte* reexamination is during the period of enforceability of the respective patent, which may extend up to 6 years after the expiration of the patent. *See* 37 CFR § 1.510(a). For the ’123 Patent, that deadline may extend to July 22, 2039. For the ’694 Patent, that deadline may extend to July 29, 2039. For the ’002 Patent, that deadline may extend to September 14, 2040.

   d. The Patents-in-Suit have not been the subject of prior USPTO review.

   e. The Patents-in-Suit have been asserted only in these four pending cases.

6. No party has a drug or biologic application pending with the Food and Drug Administration (“FDA”) that is the basis of the pending case.

7. Other Matters:

<u>Defendants:</u> Defendants have filed a motion to dismiss all asserted claims under 35 U.S.C. § 101, *see, e.g.*, *Atos, LLC v. Allstate Insurance Co.*, No. 20-cv-06224, 2021 WL 6063963 (N.D. Ill. Dec. 22, 2021) (Wood, J.), which, if granted, would resolve all of these matters in the most efficient manner possible and avoid the substantial burden of discovery in this complex, multi-party patent litigation. In light of the MTD, Defendants have also filed a motion to stay all discovery and default LPR deadlines—and, out of an abundance of caution, a motion to extend the LPR deadlines

while the Court considers the MTS. SpectraNet opposes those motions. The Court granted Defendants' motion to extend the LPR deadlines, stating that "[t]he case deadlines established under the Local Patent Rules are stayed until further order of the Court," and "[t]he Court will reconsider the propriety of the stay at the telephonic status hearing on 11/12/2026." Consistent with that Order, Defendants thus respectfully request that a scheduling order not be entered at this time.

Dated: November 5, 2026

Respectfully Submitted,

/s/ *Charles C. Koole*
Paul J. Skiermont (IL Bar No. 6278464)
Kevin P. Potere (TX Bar No. 24100658)
Michael D. Ricketts (TX Bar No. 24079208)
**SKIERMONT DERBY LLP**
1601 Elm Street, Suite 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
kpotere@skiermontderby.com
mricketts@skiermontderby.com

Charles C. Koole (CA Bar No. 259997)
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213) 788-4501
ckoole@skiermontderby.com

*Attorneys for Plaintiff*
SpectraNet Technologies LLC

/s/ *Brian Sodikoff*
Brian Sodikoff
Matthew T. Messina
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
312.902.5200
brian.sodikoff@katten.com
matthew.messina@katten.com

Christopher B. Ferenc (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave., NW.,
Suite 800
Washington, DC 20006
202.625.3647
christopher.ferenc@katten.com

*Attorneys for Defendants IMC-Chicago, LLC d/b/a IMC Trading; IMC Americas, Inc.; IMC Global Holdings LLC; RCA Telecom LLC; and Toggle Communications LLC*

/s/ *Steven J. Horowitz*
Steven J. Horowitz
shorowitz@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000

Brian A. Rosenthal (*pro hac vice*)
brosenthal@gibsondunn.com
Benjamin Hershkowitz (*pro hac vice*)
bhershkowitz@gibsondunn.com
Alena Farber (*pro hac vice*)
afarber@gibsondunn.com
Michelle J. Zhu (*pro hac vice*)
mzhu@gibsondunn.com
Talus Iorio-Ronek (*pro hac vice*)
tiorio-ronek@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Ting-Wei Chiang (*pro hac vice*)
atchiang@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.831.6106

Al Suarez (*pro hac vice*)
asuarez@gibsondunn.com
Julia Tabat
jtabat@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3100

*Attorneys for Defendants Optiver Services B.V. and County Information Services, LLC*

/s/ *William E. Devitt*
William E. Devitt
Matthew J. Hertko
**JONES DAY**
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: wdevitt@jonesday.com
mhertko@jonesday.com

*Attorneys for Defendants Jump Financial, LLC; Jump Trading Holdings, LLC; Jump Trading, LLC; and World Class Wireless, LLC*

/s/ *Catherine Nyarady*
William J. Cadigan
**AKIN GUMP STRAUSS HAUER & FELD LLP**
190 S. LaSalle Street, Suite 2800
Chicago, IL 60603
Tel.: 312.276.0400
wcadigan@akingump.com
IL Attorney Reg. No.: 6211964

Cono A. Carrano (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, NW
Washington, DC 20006
Tel.: 202.887.4000
ccarrano@akingump.com

Catherine Nyarady (*pro hac vice*)
Thomas Macchio (*pro hac vice*)
Stephanie L. Chin (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Tel.: 212.373.3000
cnyarady@paulweiss.com
tmacchio@paulweiss.com
schin@paulweiss.com

David E. Cole (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Tel.: 202.223.7300
dcole@paulweiss.com

*/s/ William E. Devitt*
William E. Devitt
Matthew J. Hertko
**JONES DAY**
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: wdevitt@jonesday.com
mhertko@jonesday.com

Catherine Nyarady (*pro hac vice*)
Thomas Macchio (*pro hac vice*)
Stephanie L. Chin (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Tel.: 212.373.3000
cnyarady@paulweiss.com
tmacchio@paulweiss.com
schin@paulweiss.com

David E. Cole (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Tel.: 202.223.7300
dcole@paulweiss.com

*Attorneys for Defendants New Line Networks LLC and 10Band LLC*

*/s/ Adam P. Samansky*
Jeremy S. Goldkind
Sophia Gunzburg
**VENABLE LLP**

227 West Monroe Street, Suite 1900
Chicago, IL 60606
312.2101522
jsgoldkind@Venable.com
SDGunzburg@Venable.com

Adam P. Samansky (to be admitted *pro hac vice)*
Peter J. Cuomo (to be admitted *pro hac vice)*
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
617.348.1819
APSamansky@mintz.com
PJCuomo@mintz.com

*Attorneys for Defendants Raft Technologies Ltd. and 3DB Communication Inc.*

**Exhibit A**

| Date | Event |
|---|---|
| *September 25, 2026* | *Defendants' Answer/Response to Complaint* |
| *October 9, 2026* | *Plaintiff Served Initial Disclosures in Accordance with the Local Patent Rules (14 days after the answer) (LPR 1.3)* |
| *October 23, 2026* | *Plaintiff Served Initial Infringement Contentions in Accordance with the Local Patent Rules (14 days after Initial Disclosures) (LPR 2.2)* |
| November 12, 2026 | Initial Status Hearing |
| November 16, 2026 | Initial Disclosures of Defendants and Commencement of Fact Discovery (LPR 1.3; 2.1) |
| November 30, 2026 | Initial Non-Infringement, Unenforceability, and Invalidity Contentions (LPR 2.3) |
| December 14, 2026 | Initial Response to Non-Infringement, Unenforceability, and Invalidity Contentions (14 days after Initial Non-Infringement, Unenforceability, and Invalidity Contentions) (LPR 2.5) |
| March 29, 2027 | Serve List of Asserted Claims (19 weeks after Defendants' Initial Disclosures) (LPR 3.1(a)(1)) |
| May 10, 2027 | Final Infringement Contentions and Final Unenforceability and Invalidity Contentions (21 weeks after Defendants' Initial Disclosures) (LPR 3.1(a)(2); 3.1(b)) |
| June 7, 2027 | Final Non-Infringement Contentions and Final Enforceability and Validity Contentions (28 days after Final Infringement Contentions and Final Unenforceability and Invalidity Contentions) (LPR 3.2) |
| June 21, 2027 | Exchange of Proposed Claim Terms (14 days after Final Non-Infringement/Validity Contentions) (LPR 4.1(a)) |
| June 28, 2027 | Meet & Confer on Claim Terms (7 days after Exchange of Proposed Claim Terms) (LPR 4.1(b)) |
| July 19, 2027 | Completion of Fact Discovery (28 days after Exchange of Proposed Claim Terms) (LPR 1.3) |
| July 26, 2027 | Opening Claim Construction Brief (35 days after Exchange of Proposed Claim Terms) (LPR 4.2(a)) |
| August 23, 2027 | Responsive Claim Construction Brief (28 days after Opening Claim Construction Brief) (LPR 4.2(c)) |
| September 7, 2027 | Reply Claim Construction Brief (14 days after Responsive Claim Construction brief) (LPR 4.2(d)) |
| September 14, 2027 | Joint Claim Construction Chart and Joint Status Report (7 days after Reply Claim Construction Brief) (LPR 4.2(f)) |

**Exhibit B**

| Date | Event |
| --- | --- |
| 14 days after the Court denies either the MTD or MTS | Initial Disclosures of both Parties and Commencement of Fact Discovery, including service date for SpectraNet's First Set of Interrogatories and Requests for Production (LPR 1.3; 2.1) |
| 14 days after Initial Disclosures | Initial Infringement Contentions (LPR 2.2) |
| 28 days after Initial Infringement Contentions | Initial Non-Infringement, Unenforceability, and Invalidity Contentions and Document Production Accompanying Initial Non-Infringement and Invalidity Contentions (LPR 2.3; 2.4) |
| 30 days after Initial Disclosures | Defendants' Responses to SpectraNet's First Set of Interrogatories and Requests for Production |
| 14 days after Initial Non-Infringement, Unenforceability, and Invalidity Contentions | Initial Response to Non-Infringement, Unenforceability, and Invalidity Contentions (LPR 2.5) |
| 19 weeks after Initial Infringement Contentions | Serve List of Asserted Claims (LPR 3.1(a)(1)) |
| 28 days after List of Asserted Claims | Final Infringement, Unenforceability, and Invalidity Contentions and Document Production Accompanying Final Invalidity contentions (LPR 3.1(a)(2); 3.1(b); 3.3) |
| 28 days after Final Infringement, Unenforceability, and Invalidity Contentions | Final Non-Infringement, Enforceability, and Validity Contentions (LPR 3.2) |
| 21 days after Final Non-Infringement, Enforceability, and Validity Contentions | Exchange of Proposed Claim Terms (LPR 4.1(a)) |
| 14 days after Exchange of Proposed Claim Terms | Meet & Confer on Claim Terms (LPR 4.1(b)) |
| 28 days after Exchange of Proposed Claim Terms | Completion of Fact Discovery (LPR 1.3) |
| 14 days after Completion of Fact Discovery | Opening Claim Construction Brief (LPR 4.2(a)) |
| 28 days after Opening Claim Construction Brief | Responsive Claim Construction Brief (LPR 4.2(c)) |
| 21 days after Responsive Claim Construction Brief | Reply Claim Construction Brief (LPR 4.2(d)) |
| 7 days after Reply Claim Construction Brief | Joint Claim Construction Chart and Joint Status Report (LPR 4.2(f)) |